| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| EASTERN DISTRICT OF CALIFORNIA | |

----oo0oo----

| | |
|---|---|
| HARRY VELEZ, MARIA LAZADA, and ANDRE O'HARA,<br><br>Plaintiffs,<br><br>v.<br><br>THE STATE OF CALIFORNIA; THE CITY OF DAIRYVILLE; TEHAMA COUNTY; THE TEHAMA COUNTY SHERIFF DEPARTMENT; DAVE HENCRATT; STEVE HOAG; ROBERT BAKKEN; and DUSTIN MARIA,<br><br>Defendants. | CIV NO 2:17-CV-00960 WBS KJN.<br><br><u>MEMORANDUM AND ORDER RE:</u><br><u>DEFENDANTS' MOTION FOR MORE</u><br><u>DEFINITE STATEMENT</u> |

----oo0oo----

Plaintiffs Harry Velez (deceased), Maria Lazada, (decedent's mother), and Andre O'Hara (decedent's son) (collectively "plaintiffs") filed this action against Sheriff Dave Hencratt, Sergeant Steve Hoag, Deputy Robert Bakken, Deputy Dustin Maria, the State of California, the City of Dairyville, Tehama County, and the Tehama County Sheriff Department, alleging that Deputies Robert Bakken and Dustin Maria used excessive force

while arresting Harry Velez, causing his death. Plaintiffs' complaint asserts six claims: 1) a § 1983 claim for violations of plaintiffs' First, Fourth, Fifth, Eighth, and Fourteenth Amendments rights[1]; 2) an assault/battery claim; 3) a false arrest/imprisonment claim; 4) an intentional infliction of emotional distress claim; 5) a negligent hiring, training, supervision and/or retention of employees claim; and 6) a negligence claim. (Compl. 3 (Docket No. 1).)[2] Pursuant to Federal Rule of Civil Procedure 12(e), Tehama County, Tehama County Sheriff Department, Dave Hencratt, Steve Hoag, Robert Bakken, and Dustin Maria (collectively "defendants") have filed a Motion for a more definite statement.

I. Background

On September 21, 2016, the Tehama County Sheriff Department responded to a 911 call at 11725 Hwy 99E made by Harry Velez ("Velez"), who claimed he had been drugged by his girlfriend Natasha Finck ("Finck"). (Compl. 10.) Deputy Robert Bakken and Deputy Dustin Maria responded to the call. (Id.) After speaking with Velez and Finck, Deputy Bakken handcuffed Velez, purportedly for his own safety. (Id. at 11.) According to the complaint, Velez was not armed and did not initiate contact with either deputy. (Id.) Plaintiffs allege that Velez stepped away from Deputy Bakken and, in retaliation, the deputies

---

[1] The complaint seems to assert these five separate constitutional claims as a single claim under "Violation of Civil Rights – 42 U.S.C. § 1983."

[2] The complaint does not contain numbered paragraphs. Therefore, citations will reference page numbers rather than paragraphs.

2

1 | repeatedly tased and punched Velez. (Id.) During the attack,
2 | plaintiffs purport that Velez yelled for help. (Id.)

Velez was transported to the hospital where he died from Hypoxic Encephalopathy (lack of oxygen to the brain) with Multisystem Organ Failure. (Id.) According to the autopsy, Velez was tased at least ten times. (Id. at 15.) The autopsy also reports that Velez had abrasions on his face, forearms, knee, toes, and wrists, and had contusions on his fingers, chest, and abdominal walls. (Id.)

Plaintiffs filed their complaint on May 5, 2017, seeking damages for injuries to the decedent and to compensate the family members for mental anguish and pecuniary injuries.

## II. Legal Standard

Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The motion "must point out the defects complained of and the details desired." (Id.) "[M]otions for a more definite statement are disfavored, and ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail." Medrano v. Kern Cnty. Sheriff's Officer, 921 F. Supp. 2d 1009, 1013 (E.D. Cal. 2013). A motion for a more definite statement should generally be denied if the complaint "is specific enough to apprise the defendant of the substance of the claim asserted against him or her." Craigslist, Inc. v. Autoposterpro, Inc., Civ. No. 08-05069 SBA, 2009 WL 890896, at *4 (N.D. Cal. Mar. 31, 2009).

III. Discussion

Under Rule 8(a)(2), "a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Moreover, "a complaint must not contain lengthy preambles, introductions, argument, speeches, explanations, stories, griping, evidence, attempts to negate possible defenses, summaries, and the like." Todd v. Ellis, Civ. No. 2:13-1016 TLN KJN, 2013 WL 3242229, at *2 (E.D. Cal. June 25, 2015), citing McHenry v. Renee, 84 F. 3d 1172, 1179 (9th Cir. 1996).

Here, the complaint is 74 pages, contains 106 footnotes, cites over 150 cases, and does not include numbered paragraphs. Throughout the entire 74 pages, plaintiffs mix allegations of facts with legal arguments. The complaint contains a four page section devoted to attempting to negate potential defenses. (Compl. 42-46.) Plaintiffs make allegations against the city and government employees without specifying which claims are brought against which defendants and in which capacities. Although it is "labeled a complaint [it is] written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs." McHenry, 84 F. 3d at 1180.

The complaint makes it very difficult to determine which defendants are allegedly liable for which wrongs. "The court [and defendants] should be able to read and understand plaintiff's pleading within minutes." Todd, 2013 WL 3242229, at *2, citing McHenry, 84 F. 3d at 1177. That is not possible here.

4

Defendants argue this makes it excessively difficult for the individual defendants to formulate proper defenses, thus placing an unnecessary burden on the defendants and the court. As in McHenry, "[a]s a practical matter, the judge and opposing counsel, in order to perform their responsibilities, cannot use a complaint such as the one plaintiffs filed, and must prepare outlines to determine who is being sued for what." (Id.) Requiring defendants to file a responsive pleading to this complaint would create an unnecessary burden likely to lead to confusion regarding which allegations have been admitted and which have been denied.

Plaintiffs counter that had the complaint not been pled with this level of particularity, they would have risked dismissal under Federal Rule of Civil Procedure 12(b)(6). (Resp. in Opp'n to Defs.' Mot. for More Definite Statement 5 (Docket No. 9).) However, the McHenry court clearly stated that even "[a] heightened pleading standard is not an invitation to disregard Rule 8's requirement of simplicity, directness, and clarity." 84 F. 3d at 1178. The court went on to explain that "[i]f the pleading contains prolix evidentiary averments. . . rather than clear and concise averments stating which defendants are liable to plaintiffs for which wrongs, based on the evidence," then the purpose of Rule 8 is defeated. (Id.)

Plaintiffs further argue that defendants' Motion did not point out any specific details desired, as required by Rule 12(e). Fed. R. Civ. P. 12(e). However, the court is not convinced by this argument. Throughout their Motion, defendants ask that plaintiffs make it clear who is bringing each of the

5

claims, in which capacity, and against which of the multiple defendants. (Defs.' Mem. of P. & A. in Supp. of Mot. for More Definite Statement 4 (Docket No. 5-1).) These are important details, and defendants clearly articulated their desire for these details to be included in plaintiffs' complaint.

Moreover, a complaint "must state its claims in numbered paragraphs, each limited as far as practical to a single set of circumstances." Fed. R. Civ. P. 10(b). This complaint has no numbered paragraphs and is instead written like a motion. As such, it will be very difficult for defendants to clearly identify in an answer which allegations they are responding to.

IT IS THEREFORE ORDERED that defendants' Motion for a more definite statement be, and the same hereby is, GRANTED.

Plaintiffs have twenty days to file an amended complaint that complies with Federal Rules of Civil Procedure 8(a) and 10(b) and clearly identifies which plaintiffs are bringing which claims and against which defendants.

Dated: October 11, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE