BRUCE A. KILDAY, ESQ., SB No. 66415
   Email:  bkilday@akk-law.com
DERICK E. KONZ, ESQ., SB  No. 286902
   Email: dkonz@akk-law.com
**ANGELO, KILDAY & KILDUFF, LLP**
Attorneys at Law
601 University Avenue, Suite 150
Sacramento, CA  95825
Telephone:  (916) 564-6100
Telecopier:  (916) 564-6263

Attorneys for Defendant TEHAMA COUNTY, ROBERT BAKKEN, and DUSTIN MARIA

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HARRY VELEZ, MARIA LOZADA and ANDRE OH'HARA,<br><br>                              Plaintiffs,<br><br>            vs.<br><br>ROBERT BAKKEN, DUSTIN MARIA, COUNTY OF TEHAMA,<br><br>                              Defendants. | Case No.: 2:17-cv-00960-WBS-KJN<br><br>**DEFENDANTS TEHAMA COUNTY, ROBERT BAKKEN AND DUSTIN MARIA'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Defendants   TEHAMA   COUNTY,   ROBERT   BAKKEN,   and   DUSTIN   MARIA ("Defendants") hereby submit the following answer to Plaintiffs' First Amended Complaint ("FAC" – ECF No. 15) and demand a jury trial.   Defendants generally, specifically, disjunctively, and conjunctively deny every allegation in the FAC, except as to particular allegations that Defendants specifically admit in this answer.

    1.    Answering paragraph 1, Defendants admit that jurisdiction is proper.

    2.    Answering paragraph 2, Defendants admit that venue is proper.

    3.    Answering paragraph 3, to the extent that these allegations constitute legal argument, no response is required.  If any response is required, Defendants deny the allegations.

    4.    Answering paragraph 4, Defendants are without knowledge or information

1  sufficient to form a belief as to the truth of the allegations regarding the relationship between

2  Harry Velez and Plaintiffs, whether Harry Velez died intestate, whether Andre O'Hara is Harry

3  Velez's immediate heir, or whether Maria Lozada was dependent on Harry Velez, and on that

4  basis, Defendants deny those allegations.  The remaining allegations are legal argument to which

5  no response is required.  If any response is required, Defendants deny the remaining allegations.

6       5.     Answering paragraph 5, Defendants admit that on or about September 21, 2016,

7  the Tehama County Sheriff's Department responded to a 911 call at 11725 Hwy 99E made by

8  Harry Velez.  Defendants admit that Robert Bakken and Dustin Maria are Tehama County

9  Sheriff's Deputies and are employees of Tehama County.  Defendants admit that Robert Bakken

10  and Dustin Maria arrived on scene and that they spoke with Natasha Finck and Harry Velez.

11  Defendants admit that Harry Velez told them that he was drugged by Natasha Finck and that she

12  was cooking narcotics in the oven.  Defendants admit that they asked Harry Velez if they could

13  enter the home and look for narcotics.  Defendants admit that when the oven was searched,

14  narcotics were not found.  Defendants deny the remaining allegations.

15       6.     Answering paragraph 6, Defendants admit that Robert Bakken spoke with

16  Natasha Finck outside.   Defendants admit that Dustin Maria spoke with Harry Velez.

17  Defendants admit that Harry Velez yelled something to the effect of, "what are you guys doing?"

18  Defendants deny the remaining allegations.

19       7.     Answering paragraph 7, Defendants admit that Harry Velez pulled away from

20  them, that Dustin Maria grabbed Harry Velez's wrist, that Harry Velez was actively resisting,

21  and that Defendants attempted to physically control Harry Velez.  Defendants admit that a

22  struggle ensued inside the home and that they were eventually able handcuff Harry Velez.

23  Defendants deny the remaining allegations.

24       8.     Answering paragraph 8, deny.

25       9.     Answering paragraph 9, deny.

26       10.    Answering paragraph 10, deny

27       11.    Answering paragraph 11, Defendants admit that Harry Velez was transported

28  from his home to the hospital, where he later died.  Defendants deny the remaining allegations.

DEFENDANTS TEHAMA COUNTY, ROBERT BAKKEN AND DUSTIN MARIA'S ANSWER TO
PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

12.     Answering paragraph 12, Defendants admit the existence of the Forensic Medical Group, Inc.'s September 28, 2016 autopsy report ("report").  Defendants admit that the report states, "healing abrasions" on the "face, distal forearms, right knee, several toes … [and] wrists."  Defendant admits that the report states, "contusion, dorsal left 2nd finger … [and] contusions, left mid chest and left lower abdominal walls."  Defendants admit that the report states, "1. Multisystem organ failure: A. Hypoxic encephalopathy."  Defendants are without knowledge or information sufficient to form a belief as to the truth of the observations stated in the report, and on that basis, deny the truth of those statements.  Defendants deny that Harry Velez's death was caused by "over electrocution with a Taser."

13.     Answering paragraph 13, deny.

14.     Answering paragraph 14, Defendants are without knowledge or information sufficient to form a belief as to whether Natasha Finck, "witnessed all the above," and on that basis, deny that allegation.  Defendants are without knowledge or information sufficient to form a belief as to what Deena Stewart heard or said, and on that basis, deny those allegations.  Defendants admit the existence of a news article that quotes Deena Stewart as saying, "I heard about three men's voices and a woman's voice … they were just shuffling around and you could tell there was a struggle … he kept saying 'help me, help me' and another gentleman said 'just shut up.'"  Defendants deny the remaining allegations.

15.     Answering paragraph 15, to the extent that these allegations constitute legal argument, no response is required.  If any response is required, Defendants deny the allegations.

16.     Answering paragraph 16, to the extent that these allegations constitute legal argument, no response is required.  If any response is required, Defendants admit that Robert Bakken and Dustin Maria were acting as Tehama County Sheriff's Deputies at the time of the incident, were in uniform, and on-duty.  Defendants admit that Robert Bakken and Dustin Maria were issued weapons by the Tehama County Sheriff's Department.  Defendants admit that Robert Bakken and Dustin Maria handcuffed Harry Velez and Robert Bakken deployed his Taser.

17.     Answering paragraph 17, to the extent that these allegations constitute legal

DEFENDANTS TEHAMA COUNTY, ROBERT BAKKEN AND DUSTIN MARIA'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1    argument, no response is required.  If any response is required, Defendants admit that Dave

2    Hencratt and Steve Hoag are employees of the County of Tehama and have responsibility over

3    the supervision and training of Dustin Maria and Robert Bakken.  Defendants deny the remainig

4    allegations.

5            18.     Answering paragraph 18, to the extent that these allegations constitute legal

6    argument, no response is required.  If any response is required, Defendants deny the allegations.

7            19.     Answering paragraph 19, Defendants incorporate their previous responses.  To the

8    extent that these allegations constitute legal argument, no response is required.  If any response is

9    required, Defendants deny the allegations.

10          20.     Answering paragraph 20, to the extent that these allegations constitute legal

11   argument, no response is required.  If any response is required, Defendants deny the allegations.

12          21.     Answering paragraph 21, to the extent that these allegations constitute legal

13   argument, no response is required.  If any response is required, Defendants deny the allegations.

14          22.     Answering paragraph 22, to the extent that these allegations constitute legal

15   argument, no response is required.  If any response is required, Defendants deny the allegations.

16          23.     Answering paragraph 23, to the extent that these allegations constitute legal

17   argument, no response is required.  If any response is required, Defendants deny the allegations.

18          24.     Answering paragraph 24, to the extent that these allegations constitute legal

19   argument, no response is required.  If any response is required, Defendants deny the allegations.

20          25.     Answering paragraph 25, to the extent that these allegations constitute legal

21   argument, no response is required.  If any response is required, Defendants deny the allegations.

22          26.     Answering paragraph 26, to the extent that these allegations constitute legal

23   argument, no response is required.  If any response is required, Defendants deny the allegations.

24          27.     Answering paragraph 27, to the extent that these allegations constitute legal

25   argument, no response is required.  If any response is required, Defendants deny the allegations.

26          28.     Answering paragraph 28, Defendants incorporate their previous responses.  To the

27   extent that these allegations constitute legal argument, no response is required.  If any response is

28   required, Defendants admit that Plaintiffs presented tort claims to the County of Tehama and

1    those claims were rejected.  Defendants deny the remaining allegations.

2            29.     Answering paragraph 29, to the extent that these allegations constitute legal

3    argument, no response is required.  If any response is required, Defendants deny the allegations.

4            30.     Answering paragraph 30, to the extent that these allegations constitute legal

5    argument, no response is required.  If any response is required, Defendants admit that they were

6    acting as employees of Tehama County at the time of the incident.  Defendants deny the

7    remaining allegations.

8            31.      Answering paragraph 31, Defendants incorporate their previous responses.  To

9    the extent that these allegations constitute legal argument, no response is required.  If any

10   response is required, Defendants admit that Plaintiffs presented tort claims to the County of

11   Tehama and those claims were rejected.  Defendants deny the remaining allegations.

12           32.     Answering paragraph 32, to the extent that these allegations constitute legal

13   argument, no response is required.  If any response is required, Defendants admit that they were

14   acting as employees of Tehama County at the time of the incident.  Defendants deny the

15   remaining allegations.

16           33.     Answering paragraph 33, Defendants incorporate their previous responses.  To the

17   extent that these allegations constitute legal argument, no response is required.  If any response is

18   required, Defendants admit that Plaintiffs presented tort claims to the County of Tehama and

19   those claims were rejected.  Defendants deny the remaining allegations.

20           34.     Answering paragraph 34, to the extent that these allegations constitute legal

21   argument, no response is required.  If any response is required, Defendants deny the allegations.

22           35.     Answering paragraph 35, to the extent that these allegations constitute legal

23   argument, no response is required.  If any response is required, Defendants deny the allegations.

24           36.     Answering paragraph 36, to the extent that these allegations constitute legal

25   argument, no response is required.  If any response is required, Defendants deny the allegations.

26           37.     Answering paragraph 37, to the extent that these allegations constitute legal

27   argument, no response is required.  If any response is required, Defendants admit that they were

28   acting as employees of Tehama County at the time of the incident.  Defendants deny the

DEFENDANTS TEHAMA COUNTY, ROBERT BAKKEN AND DUSTIN MARIA'S ANSWER TO
PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

remaining allegations.

38.     Answering paragraph 38, Defendants incorporate their previous responses.  To the extent that these allegations constitute legal argument, no response is required.  If any response is required, Defendants admit that Plaintiffs presented tort claims to the County of Tehama and those claims were rejected.  Defendants deny the remaining allegations.

39.     Answering paragraph 39, to the extent that these allegations constitute legal argument, no response is required.  If any response is required, Defendants deny the allegations.

40.     Answering paragraph 40, to the extent that these allegations constitute legal argument, no response is required.  If any response is required, Defendants are without sufficient information to admit or deny, and on that basis, deny the allegations.

41.     Answering paragraph 41, to the extent that these allegations constitute legal argument, no response is required.  If any response is required, Defendants deny the allegations.

42.     Answering paragraph 42, to the extent that these allegations constitute legal argument, no response is required.  If any response is required, Defendants admit that they were acting as employees of Tehama County at the time of the incident.  Defendants deny the remaining allegations.

43.     Answering paragraph 43, Defendants incorporate their previous responses.  To the extent that these allegations constitute legal argument, no response is required.  If any response is required, Defendants admit that Plaintiffs presented tort claims to the County of Tehama and those claims were rejected.  Defendants deny the remaining allegations.

44.     Answering paragraph 44, to the extent that these allegations constitute legal argument, no response is required.  If any response is required, Defendants deny the allegations.

45.     Answering paragraph 45, to the extent that these allegations constitute legal argument, no response is required.  If any response is required, Defendants deny the allegations.

46.     Answering paragraph 46, to the extent that these allegations constitute legal argument, no response is required.  If any response is required, Defendants deny the allegations.

47.     Answering paragraph 47, to the extent that these allegations constitute legal argument, no response is required.  If any response is required, Defendants deny the allegations.

DEFENDANTS TEHAMA COUNTY, ROBERT BAKKEN AND DUSTIN MARIA'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

48.     Answering paragraph 48, to the extent that these allegations constitute legal argument, no response is required.  If any response is required, Defendants deny the allegations.

49.     Answering paragraph 49, Defendants incorporate their previous responses.  To the extent that these allegations constitute legal argument, no response is required.  If any response is required, Defendants admit that Plaintiffs presented tort claims to the County of Tehama and those claims were rejected.  Defendants deny the remaining allegations.

50.      Answering paragraph 50, to the extent that these allegations constitute legal argument, no response is required.  If any response is required, Defendants deny the allegations.

51.     Answering paragraph 51, to the extent that these allegations constitute legal argument, no response is required.  If any response is required, Defendants deny the allegations.

52.     Answering paragraph 52, to the extent that these allegations constitute legal argument, no response is required.  If any response is required, Defendants admit that Robert Bakken and Dustin Maria were acting as Tehama County Sheriff's Deputies at the time of the incident.  Defendants deny the remaining allegations.

53.     Answering paragraph 53, to the extent that these allegations constitute legal argument, no response is required.  If any response is required, Defendants deny the allegations.

54.     Answering paragraph 54, to the extent that these allegations constitute legal argument, no response is required.  If any response is required, Defendants deny the allegations.

55.     Answering paragraph 55, to the extent that these allegations constitute legal argument, no response is required.  If any response is required, Defendants deny the allegations.

56.     Answering paragraph 56, to the extent that these allegations constitute legal argument, no response is required.  If any response is required, Defendants deny the allegations.

57.     Answering paragraph 57, to the extent that these allegations constitute legal argument, no response is required.  If any response is required, Defendants admit that they were acting as employees of Tehama County at the time of the incident.  Defendants deny the remaining allegations.

58.     Answering paragraph 58, to the extent that these allegations constitute legal argument, no response is required.  If any response is required, Defendants deny the allegations.

DEFENDANTS TEHAMA COUNTY, ROBERT BAKKEN AND DUSTIN MARIA'S ANSWER TO
PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

59.     Answering paragraph 59, to the extent that these allegations constitute legal argument, no response is required.  If any response is required, Defendants admit that they were acting as employees of Tehama County at the time of the incident.  Defendants deny the remaining allegations.

**AFFIRMATIVE DEFENSES**

Defendants allege the following separate and distinct affirmative defenses:

1.     The FAC and each alleged claim for relief therein fails to allege facts sufficient to constitute any cognizable claim for relief.

2.     The FAC fails to state facts sufficient to support a punitive damages award.

3.     Defendants are immune from liability as a result of executive and/or legislative and/or judicial immunity under the common law, United States Statutes, and the opinions of the State and Federal Courts interpreting these laws.

4.     Defendants are entitled to state-law statutory immunity.

5.     Defendants are entitled to qualified immunity under federal law.

6.     Defendants are entitled to the defenses and all rights granted to them by virtue of the provisions of the California Government Code Sections 810-996.6, inclusive.  This includes but is not limited to Plaintiffs' failure to comply with the Government Claims Act for any claims not included in their tort claims.

7.     Defendants acted in self-defense and in defense of others.

8.     Defendants acted with probable cause and in good faith.

9.     Defendants are not vicariously liable for any act or omission of another person by way of respondeat superior or otherwise.

10.     Harry Velez willingly, voluntarily, and knowingly assumed each and every risk involved in his conduct.

11.     Harry Velez willfully resisted, obstructed, and delayed the deputies' efforts to conduct their duties.

12.     All claims for relief are barred by the applicable statute of limitations.

13.     All claims are barred by Plaintiffs' failure to join all indispensable parties.

14. Defendants assert that if they are adjudged, decreed, or otherwise determined to be liable to Plaintiffs, then in that event, Defendants will be entitled to apportion the degree of fault or responsibility for said incident attributable to the Plaintiffs, Harry Velez, or to any other individual named herein or yet to be named. The amount of damages attributable to these answering Defendants is to be abated, reduced, or eliminated to the extent that the negligence of others contributed to the Plaintiffs' claimed damages, if any there were.

15. Plaintiffs have failed to mitigate their damages, if any there are.

16. Plaintiffs' claims are barred pursuant to the doctrine of unclean hands.

17. Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action based on the conclusory terms used in the FAC.  Accordingly, Defendants reserve the right to assert additional affirmative defenses if and to the extent that such affirmative defenses become applicable.

Wherefore, Defendants request the following relief:

1. That Plaintiffs take nothing by way of their complaint;

2. That judgment be entered in favor of Defendants and against Plaintiffs;

3. That Defendants be awarded incurred attorneys' fees and costs;

4. That the Court grant other such relief in favor of Defendants that it deems just, proper, and equitable.

Dated:  February 20, 2018                    ANGELO, KILDAY & KILDUFF, LLP

                                             /s/ Derick E. Konz
                                        By:_____
                                             BRUCE A. KILDAY
                                             DERICK E. KONZ
                                             Attorneys for Defendants TEHAMA
                                             COUNTY, ROBERT BAKKEN, and
                                             DUSTIN MARIA
///
///

-9-
DEFENDANTS TEHAMA COUNTY, ROBERT BAKKEN AND DUSTIN MARIA'S ANSWER TO
PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1

## **DEMAND FOR JURY TRIAL**

2    Defendants TEHAMA COUNTY, ROBERT BAKKEN, and DUSTIN MARIA

3  respectfully demand that all issues of fact be tried herein by and before a jury.

4

5  Dated:  February 20, 2018                    ANGELO, KILDAY & KILDUFF, LLP

6                                                          */s/ Derick E. Konz*

7                                              By:_____

8                                                 BRUCE A. KILDAY
                                                   DERICK E. KONZ
9                                                 Attorneys for Defendants TEHAMA
                                                   COUNTY, ROBERT BAKKEN, and
10                                                DUSTIN MARIA

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28