1

2

STEVE WHITWORTH, ESQ. [SBN 249111]
2368 Maritime Dr. Suite 260

3

Elk Grove, CA 95758
Telephone: (916) 668-5970

4

Fax: (916) 668-5971
EMAIL: steve@stevewhitworth.com

5

6

J. DAVID NICK, (CAL SBN 157687)
LAW OFFICES OF J. DAVID NICK
345 FRANKLIN STREET

7

San Francisco, CA  94102
Telephone: (415) 552-4444

8

Facsimile: (415) 358-5897
EMAIL: jdavidnick@lawyer.com

9

10

**Attorneys for Plaintiffs:**
HARRY VELEZ (deceased),

11

MARIA LOZADA (Harry Velez's mother) and
ANDRE O'HARA (Harry Velez's eldest son)

12

13

14

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

15

HARRY VELEZ, MARIA LOZADA,
ANDRE O'HARA, Z.J. through his *guardian
at litem* TIMOTHY ZIMMERMAN, R.C. who
sues through his *guardian at litem* CHRISTY
ULLOA, F.M.and H.V.J. who sue through
their guardian at litem NATASHA FINCK,
L.E. who sues through her guardian at litem
KRISTIN STILLMAN-GENDRON

16

17

18

19

Plaintiffs,

20

vs.

21

22

ROBERT BAKKEN, DUSTIN MARIA,
COUNTY OF TEHAMA,

23

24

Defendants.

NO. 2:17-CV-00960-WBS-KJN

SECOND AMENDED COMPLAINT FOR
DAMAGES UNDER 42 USC §1983 AND
STATE CAUSES OF ACTION FOR
DAMAGES:

JURY TRIAL REQUESTED

25

26

27

28

**JURISDICTION**

1. This SECOND AMENDED COMPLAINT ("complaint") alleges violations of plaintiff

HARRY VELEZ'S federal constitutional rights under the First and Fourth, Amendment to the

United States Constitution and seeks redress under 42 U.S.C. §1983; the state law claims

1

herein pled arise under the same occurrence, share a common nucleus of operative fact and are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy, and thus this court has *supplemental jurisdiction* over the state law claims.

2. Under 28 U.S.C. §1391(b) venue is proper in the United States District Court for the Eastern District of California because the action arose from occurrences that took place entirely within Tehama County, California.

## STATEMENT OF FACTS

3. The concurrence of excessive Tasing and punching while in handcuffs by Deputy Robert Bakken and Deputy Dustin Maria in retaliation for Harry Velez's non-threatening criticism and refusal to "just shut up" was the cause of Harry Velez's death. The predominate cause of action is unreasonable seizure in violation of the Fourth Amendment to the United States Constitution (i.e., excessively Tasing Harry Velez while handcuffed until he died was an excessive use of force).

4. The Plaintiffs are the deceased victim Harry Velez, Harry Velez's mother, Maria Lozada and Harry Velez's issues which consist of his son Andre O'Hara and adult, his son Z.J. who sues through his guardian at litem Timothy Zimmerman, his son R.C. who sues through his guardian at litem Christy Ulloa, his daughter F.M. and his son H.V.J. who both sue through their guardian at litem Natasha Finck, his daughter L.E. who sues through her guardian at litem Kristin Stillman - Gendron. Harry Velez died intestate and his sons and daughters are his immediate heirs under the laws of intestate succession of the state of California and as provided for in California Probate Code section 6402(b). Thus, Harry Velez's sons and daughters pursue this survival action on behalf of their deceased father Harry Velez and do so pursuant to *California Code of Civil Procedure §377.20* to recover damages for injuries to the decedent Harry Velez including recovery for medical bills, pain, suffering, lost wages and all other damages the decedent Harry Velez would have asserted had he survived. Additionally, the causes of action encompass a wrongful death action under *California Code of Civil Procedure §377.20* to compensate family members who are plaintiffs here for the grief, sorrow, mental anguish and pecuniary injuries the death caused them to endure. Pursuant to *California Code of Civil Procedure §377.60* subdivision (a), Harry Velez's sons and

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

daughters have standing to pursue the wrongful death claim asserted herein. Harry Velez's mother, Maria Lozada, has standing to pursue her individual action for deprivation of her substantive Due Process under the XIV Amendment to the United States Constitution for the death of her son Harry Velez.

5. On or about September 21, 2016, around 11:26 p.m., the Tehama County Sheriff's Department responded to a 911 call at 11725 Hwy 99E (in Tehama County California) made by Harry Velez.  Tehama County Sheriff's Deputy Robert Bakken and Deputy Dustin Maria, who are employees of Tehama County and or the Doe defendants, arrived on scene, one deputy spoke with Harry Velez's live-in girlfriend, Natasha Finck, and the other approached Harry Velez.  Harry Velez declined assistance and asked the deputies to leave.  Harry Velez told the deputy that he was drugged by Natasha Finck and she was cooking meth in the oven. Deputy Dustin Maria allegedly asked Harry Velez if he could check the oven for narcotics. Deputy Dustin Maria entered the home without consent.  Narcotics were never found.

6. Deputy Robert Bakken continued to speak with Natasha Finck outside, Deputy Dustin Maria spoke with Harry Velez at his doorway.  Harry Velez yelled towards Deputy Robert Bakken and Natasha Finck to the effect of "what are you guys doing?" Upon yelling "what are you guys doing?" Deputy Robert Bakken commanded Harry Velez to place his hands behind his back.  Without resisting and upon command, Harry Velez placed his arms behind his back and complied with Deputy Robert Bakken's orders.

7. Harry Velez stepped away from Deputy Dustin Maria without making contact. Deputy Dustin Maria grabbed Harry Velez's right wrist and attempted to place him into a control hold.  Deputy Robert Bakken aided Deputy Dustin Maria and forcefully took Harry Velez to the ground inside his home.  Deputies pinned Harry Velez face down and forcibly applied handcuffs to both wrists, forcing Harry Velez's hands behind his back. Harry Velez was secured by physical restraint and remained so throughout the event.

8. Deputies Bakken and Maria (and Doe defendants) allowed Harry Velez to rise to his feet. The deputies tackled Harry Velez a second time.  During the second tackle, the deputies punched Harry Velez 7 to 10 times with great force.  Deputy Robert Bakken drove his department issued X26 Taser into Harry Velez's shoulder, abdomen and torso, without

3

1

2

warning; Deputy Robert Bakken drove his Taser into Harry Velez, while handcuffed, "*at least*" ten (10) times.

3

4

9. Throughout the attack, handcuffed Harry Velez was yelling "help me, help me" in which a Tehama County Sheriff Deputy replied, "just shut up."

5

6

7

8

9

10

11

12

10. After an unnecessary delay, Deputy Dustin Maria noticed handcuffed Harry Velez was not breathing. Deputies failed to visually inspect Harry Velez's air passage, failed to open his mouth to inspect for blockage, failed to shout at Harry Velez to awaken him, failed to encourage Harry Velez to keep breathing, failed to access a first aid kit, failed to administer smelling salts, failed to insert a mouth to mask barrier shield to administer CPR, failed to ensure the intake of oxygen and failed to initiate hands-only chest compressions in a timely manner. This was the custom instilled in training by Sheriff Dave Hencratt and Sergeant Steve Hoag.

13

14

11. Harry Velez remained inside his home until being transported to the hospital where he later died.

15

16

17

18

19

12. The autopsy by Forensic Medical Group, Inc. dated 9/28/16 identified abrasions to Harry Velez's face, forearms, knee, toes and wrists and had contusions on his dorsal left 2nd finger, chest and abdominal walls. Additional trauma was noted throughout Harry Velez's body and an autopsy's cause of death was determined to be Hypoxic Encephalopathy (lack of oxygen to the brain, or asphyxia) with Multisystem Organ Failure; this condition was caused by over electrocution with a Taser.

20

21

22

23

24

25

13. At all times, Harry Velez's actions were limited to the boundaries of his own home. At no point did Deputy Dustin Maria articulate an unlawful action and at no point did Deputy Dustin Maria articulate evidence of Harry Velez being armed and/or dangerous. At all times, Harry Velez had no weapons, made no threats to the armed deputies and did not resist arrest. Harry Velez never invaded the deputies' safety zones or personal space and never entered into a combative stance towards anyone on site or on scene.

26

27

14. Natasha Finck witnessed all the above. The neighbor, Deena Steward heard the entirety of the actions between the deputies and Harry Velez. Steward recounted the

28

confrontation[1] to local news and stated that "I heard about three men's voices and a woman's voice, they were just shuffling around and you could tell there was a struggle. He kept saying 'help me, help me' and one time he said, 'help me' and another gentleman said, 'just shut up.' Deputy Robert Bakken and Deputy Dustin Maria directly participated (while on duty) in the handcuffing, striking of the Plaintiff's face, caused a contusion to the deceased Plaintiff's wrists, deployed 50,000 volts of X26 Taser power *at* least ten (10) times on handcuffed Harry Velez causing Harry Velez to die, and by doing so violated Harry Velez's rights under the Fourth Amendment to the United States Constitution.

15. Further, every defendant acted with malicious intent to deprive Harry Velez of his constitutional rights or intended to violate Harry Velez's constitutional rights as plead in this complaint with reckless disregard.

16. Deputy Robert Bakken and Deputy Dustin Maria were in uniform at the time of the event complained of in the preceding paragraphs, were armed with weapons issued by the Tehama County Sheriff Department which they deployed on handcuffed Harry Velez while on paid patrol during the time of the event and were providing the traditional government function of law enforcement. Therefore, Deputy Robert Bakken and Deputy Dustin Maria were acting under the color of law as sheriff's deputies at the time of the event.

17. Tehama County Sheriff Dave Hencratt and Tehama County Sheriff Deputy Sergeant Steve Hoag, also employees of the County of Tehama and the Doe defendants, retained principal power over the deputies, retained principal responsibility as their supervisor in the chain of command, were responsible for the training, education and procedures utilized in the execution of law enforcement and were employed as law enforcement supervisors at the time of the event. Further, they retained principal power to terminate agents, modify policies and supervise principals responsible for illegal conduct, crimes, torts or violations of fundamental rights and they paid directly or indirectly Deputy Robert Bakken and Deputy Dustin Maria for their tortious conduct.

18. The Tehama County Sheriff Department and Tehama County are also responsible (under state law) for the conduct of defendants as "persons" under the legal theory of

---

[1] See article http://www.krcrtv.com/news/local/tehama/neighbor-recounts-confrontation-between-man-and-tehama-county-deputies/107970158.

respondeat superior, negligent entrustment, negligent hiring, negligent supervising and negligent retention of employees acting illegally in their official capacities. They too failed to adequately train head officials in such a manner as to prevent the death of Harry Velez. Because Sheriff Dave Hencratt and Sergeant Steve Hoag supervised the deputies, trained the deputies, provided the deputies with the tools, weapons, vehicles and faculties used to perform the job, employed the deputies for a term greater than a short period, compensated those deputies based on time (rather than per job), and both the supervisor and the deputies understood their subordinated roles in the chain of command, the County of Tehama is liable for the acts of their agents Sheriff Dave Hencratt and Sergeant Steve Hoag under the legal doctrine of respondeat superior.

## COMPLAINT

## FEDERAL CAUSES OF ACTION:

## Count 1. Violation of Civil Rights - 42 U.S.C. §1983

## VIOLATION OF THE FOURTH AMENDMENT-UNREASONABLE USE OF FORCE
## (AGAINST ROBERT BAKKEN, DUSTIN MARIA, DOE DEFENDANTS)

19. Plaintiffs named as surviving children of Harry Velez hereby incorporate all the preceding paragraphs as if fully set out herein; and alleges as follows: that defendants Deputy Robert Bakken and Deputy Dustin Maria, and the Doe defendants, while acting under color of law, subjected plaintiff Harry Velez, or caused Harry Velez to be subjected to the deprivation of his rights, privileges, or immunities secured by the Fourth Amendment to the United States Constitution.

20. Defendants Bakken and Maria knew or should have known that the action taken, as set out in the preceding paragraphs, would violate the Fourth Amendment constitutional rights of the plaintiff Harry Velez to be free from the unreasonable use of force; or the defendants Bakken and Maria took the actions set out in the preceding paragraphs with the malicious intention to cause a deprivation of Harry Velez's right to be free from the unreasonable use of force.

21. When the acts complained of herein were performed by defendants as alleged, clearly established legal standards existed.

6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

22. The plaintiff suffered actual injury in that he died from the injuries unlawfully inflicted by defendants Bakken and Maria as complained of herein.

23. Defendant Bakken and Maria's conduct as set forth in this complaint was motivated by evil motive or intent or involved reckless or callous indifference to the federally protected rights of plaintiff Harry Velez and thus plaintiffs are entitled to punitive damages.

## Count 2. Violation of Civil Rights - 42 U.S.C. §1983
## VIOLATION OF THE FIRST AMENDMENT-FREE SPEECH
## (AGAINST ROBERT BAKKEN, DUSTIN MARIA, DOE DEFENDANTS)

24. Plaintiffs named as surviving children of Harry Velez hereby incorporate all the preceding paragraphs as if fully set out herein; and alleges as follows: When Harry Velez said, "what are you guys doing," his speech was protected under the First Amendment because it was spoken in his own home, was not inciting violence, was not defamatory and was made for the constitutional purpose of critical inquiry as to why a deputy sheriff government official was talking to Natasha Finck rather than Harry Velez. When Harry Velez said, "help me, help me," that speech was protected under the First Amendment because it was spoken in his own home, was not inciting violence, was not defamatory but rather made as a genuine plea for help. Yelling "help me, help me, they are going to kill me," shows Harry Velez was fearing for his life and had suffered severe emotional distress.

25. Defendants Bakken and Maria (and Doe defendants) silenced that criticism by placing Harry Velez in handcuffs using the disguise of protecting his own safety and others in the absence of articulating that Harry Velez was armed and dangerous. Harry Velez was placed in handcuffs for merely expressing his criticism at defendants Bakken, Maria and Doe defendants.

26. Defendants Bakken and Maria retaliated against Harry Velez's lawful criticism under the First Amendment. Defendants Bakken and Maria retaliated against Harry Velez for saying "what are you guys doing," and defendants Bakken and Maria's use of the disguise that Harry Velez was a threat to himself and others violated Harry Velez's First Amendment. Defendants retaliated by Tasing Harry Velez *at least* ten (10) times until handcuffed Harry became breathless and then failing to resuscitate his lifeless body; this conduct  also operates as arbitrary conduct that shocks the conscience and violates the First Amendment.

7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

27. Defendant Bakken and Maria's conduct as set forth in this complaint was motivated by evil motive or intent or involved reckless or callous indifference to the federally protected rights of plaintiff Harry Velez and thus plaintiffs are entitled to punitive damages.

### STATE CAUSES OF ACTION UNDER CALIFORNIA LAW:

### Count 3. ASSAULT;

### (AGAINST ROBERT BAKKEN, DUSTIN MARIA, COUNTY OF TEHAMA, DOE DEFENDANTS)

28. Plaintiffs named as surviving children of Harry Velez incorporate all the preceding paragraphs as if having been set out herein and further alleges that a tort claim form under applicable California law was presented to defendant County of Tehama and the claim was rejected and further alleges as follows: Defendants Bakken and Maria (and Doe defendants) created a reasonable apprehension in the plaintiff Harry Velez of immediate harmful or offensive contact to plaintiff's person, there was intent on the part of defendants Bakken and Maria to bring about in the plaintiff apprehension of immediate harmful or offensive contact with the plaintiff 's person and defendants Bakken and Maria were the cause of said acts.

29. As a result of Defendants Bakken and Maria's conduct as alleged in this complaint Harry Velez suffered "*at least*" ten (10) "paired thermal burn," abrasions to his face, forearms, knee, toes and wrists and suffered contusions on his dorsal left 2nd finger, chest and abdominal walls. Moreover, the defendants were a cause of Harry Velez's death. Defendants Bakken and Maria's conduct was malicious because the deputies knew they had successfully taken down Harry Velez without handcuffs and therefore knew that a Taser was not needed to take down Harry Velez in handcuffs. By resorting to unnecessary force, the deputies' conduct became excessive and under the totality of the circumstance, the deputies were aware that the Tasing and Punching was excessive but continued.

30. The incident leading to Harry Velez's injuries and death where an outgrowth of the employment of defendants Bakken and Maria by defendant County of Tehama (and Doe defendants); the risk of wrongful injury to plaintiff was inherent in the working environment of Defendants Bakken and Maria at Tehama County Sheriff's Department, or typical of or broadly incidental to the enterprise the County of Tehama has undertaken, that of law enforcement and policing. And thus the employment of defendants Bakken and Maria by the

1
2
3
4
5

defendant County of Tehama was such as predictably to create the risk that sheriff deputies will commit intentional torts of the type for which liability is sought here. The incident complained of herein arose from misuse of official authority by defendants Bakken and Maria while they were acting in the scope of their employment because they detained plaintiff when they were on duty, in uniform, and armed.

6
7

### Count 4. BATTERY;
### (AGAINST ROBERT BAKKEN, DUSTIN MARIA,
### COUNTY OF TEHAMA, DOE DEFENDANTS)

8
9
10
11
12
13
14

31. Plaintiffs named as surviving children of Harry Velez incorporates all the preceding paragraphs as if having been set out herein and further alleges that a tort claim form under applicable California law was presented to defendant County of Tehama and the claim was rejected and further alleges as follows: that defendants Bakken and Maria (and Doe defendants) brought about harmful or offensive contact to the plaintiff's person, defendants Bakken and Maria intended to bring about harmful or offensive contact to the person of Harry Velez and were the proximate cause of Harry Velez's injuries and damages.

15
16
17
18
19
20
21
22
23
24

32. The incident leading to Harry Velez's injuries and death where an outgrowth of the employment of defendants Bakken and Maria by defendant County of Tehama (and Doe defendants); the risk of wrongful injury to plaintiff was inherent in the working environment of Defendants Bakken and Maria at Tehama County Sheriff's Department, or typical of or broadly incidental to the enterprise the County of Tehama has undertaken, that of law enforcement and policing. And thus the employment of defendants Bakken and Maria by the defendant County of Tehama was such as predictably to create the risk that sheriff deputies will commit intentional torts of the type for which liability is sought here. The incident complained of herein arose from misuse of official authority by defendants Bakken and Maria while they were acting in the scope of their employment because they detained plaintiff when they were on duty, in uniform, and armed.

25
26

### Count 5. FALSE ARREST/IMPRISONMENT;
### (AGAINST ROBERT BAKKEN, DUSTIN MARIA,
### COUNTY OF TEHAMA, DOE DEFENDANTS)

27
28

33. Plaintiffs named as surviving children of Harry Velez incorporate all the preceding paragraphs as if having been set out herein and further alleges that a tort claim form under applicable California law was presented to defendant County of Tehama and the claim was

rejected and further alleges as follows: The unlawful acts of defendants Bakken and Maria unlawfully confined or unlawfully overcame the Plaintiff's will to leave.

34. Plaintiff's unlawful confinement inconvenienced him in a substantial manner.

35. The plaintiff's unlawful confinement caused him injury and death.

36. Plaintiff 's arrest which resulted in his false imprisonment as complained of herein was without warrant and without privilege.

37. The incident leading to Harry Velez's injuries and death and false imprisonment where an outgrowth of the employment of defendants Bakken and Maria by defendant County of Tehama (and Doe defendants); the risk of wrongful injury to plaintiff was inherent in the working environment of Defendants Bakken and Maria at Tehama County Sheriff's Department, or typical of or broadly incidental to the enterprise the County of Tehama has undertaken, that of law enforcement and policing. And thus the employment of defendants Bakken and Maria by the defendant County of Tehama was such as predictably to create the risk that sheriff deputies will commit intentional torts of the type for which liability is sought here. The incident complained of herein arose from misuse of official authority by defendants Bakken and Maria while they were acting in the scope of their employment because they detained plaintiff when they were on duty, in uniform, and armed.

### Count 6. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; (AGAINST ROBERT BAKKEN, DUSTIN MARIA, COUNTY OF TEHAMA, DOE DEFENDANTS)

38. Plaintiffs named as surviving children of Harry Velez incorporate all the preceding paragraphs as if having been set forth herein and further alleges that a tort claim form under applicable California law was presented to defendant County of Tehama and the claim was rejected and further alleges as follows: Defendant Bakken and Maria's actions as set forth in this complaint was intended with the desire or knowledge with substantial certainty that the Plaintiffs would experience severe emotional distress.

39. The conduct of defendants Bakken and Maria as set forth in this complaint exceeded all bounds normally tolerated by a decent society and was such that it was extremely likely that mental harm would result.

40. The conduct of defendants Bakken and Maria as set forth in this complaint resulted in severe emotional distress to plaintiffs.

1
2
3
4

41. Defendants Bakken and Maria acted in reckless disregard of a high probability that emotional distress would be the result of their conduct and the defendants conduct as set forth in this complaint was extreme and outrageous and caused severe emotional distress to plaintiffs.

5
6
7
8
9
10
11
12
13
14
15

42. The incident leading to Harry Velez's injuries and death and the infliction of emotional distress on plaintiffs where an outgrowth of the employment of defendants Bakken and Maria by defendant County of Tehama (and Doe defendants); the risk of wrongful injury to plaintiff was inherent in the working environment of Defendants Bakken and Maria at Tehama County Sheriff's Department, or typical of or broadly incidental to the enterprise the County of Tehama has undertaken, that of law enforcement and policing. And thus the employment of defendants Bakken and Maria by the defendant County of Tehama was such as predictably to create the risk that sheriff deputies will commit intentional torts of the type for which liability is sought here. The incident complained of herein arose from misuse of official authority by defendants Bakken and Maria while they were acting in the scope of their employment because they detained plaintiff when they were on duty, in uniform, and armed.

16
17

**Count 7. NELGIGENT HIRING, TRAINING, SUPERVISION
OR RETENTION OF EMPLOYEE;
(AGAINST COUNTY OF TEHAMA, DOE DEFENDANTS)**

18
19
20

43. Plaintiffs named as surviving children of Harry Velez incorporate all the preceding paragraphs as if having been set out herein and further alleges that a tort claim form under applicable California law was presented to defendant County of Tehama and the claim was rejected and further alleges as follows:

21
22
23
24

44. Defendant County of Tehama (and the Doe defendants) failed to exercise that degree of care which a reasonable and prudent person would exercise under like conditions and circumstances with respect to its hiring, training, supervisions and retention of defendants Bakken and Maria as Sheriff Deputies.

25
26
27
28

45. Defendant County of Tehama (and the Doe defendants) failed to use reasonable care, breached a duty of care imposed by law and thereby caused the injuries and damages to plaintiffs complained of herein. Defendant County of Tehama  (and Doe Defendants) had a duty to conform to a certain standard of conduct for the protection of plaintiffs against unreasonable risk of injury as that set forth in this complaint.

1

2

3

46. County of Tehama breached its duty of care by its failure to conform to the required standard, i.e., by establishing the conditions that allowed defendants Bakken and Maria to engage in conduct which exposed plaintiffs to an unreasonable risk of harm.

4

5

6

47. The failure of Sheriff Dave Hencratt and Sergeant Steve Hoag to hire personnel fit for the job, supervise employees and discharge personnel who become unfit for the job resulted in a unreasonable danger to others that was foreseeable,

7

8

9

10

11

12

48. Defendant Tehama County's conduct was malicious because they knew that releasing untrained and unfit law enforcement personnel to police the public would result in constitutional violations, misuse of weapons and unreasonable first aid and they knew the actual deployment of unreasonable law enforcement would result in and in fact did cause constitutional and intentional tort violations with grossly excessive force. Therefore, compensatory and punitive damages are proper as to Defendant Tehama County.

13

### Count 8. NEGLIGENCE RESULTING IN WRONGFUL DEATH

14

15

16

17

49. Plaintiffs named as surviving children of Harry Velez incorporate all the preceding paragraphs as if having been set out herein and further alleges that a tort claim form under applicable California law was presented to defendant County of Tehama and the claim was rejected and further alleges as follows:

18

50. Defendants and each of them failed to exercise that degree of care and caution which a reasonable and prudent person would exercise under like conditions and circumstances.

19

20

21

22

23

51. At all times mentioned herein defendants had a duty imposed under law to use reasonable care and breached that duty. Defendants failed to conform to a certain standard of conduct for the protection of plaintiff against unreasonable risk of injury and death. Defendants failed to conform to the required standard and engaged in conduct which exposed plaintiffs to an unreasonable risk of harm.

24

25

26

27

28

52. Defendants Bakken and Maria undertook the responsibility of providing police services and thereby render services to plaintiff Harry Velez which defendants Bakken and Maria should have recognize as necessary for the protection of plaintiff Harry Velez's person or things. As a result, plaintiff Harry Velez suffered physical harm and death resulting from defendants Bakken and Maria's failure to exercise reasonable care to perform police services.

1

2

3

4

5

Defendants Bakken and Maria's failure to exercise such care increased the risk of harm to plaintiff Harry Velez and resulted in his death.

53. Plaintiff Harry Velez was particularly vulnerable and dependent upon defendants Bakken and Maria who, correspondingly, had control over the plaintiff's welfare and owed plaintiff Harry Velez a rudimentary duty of safekeeping.

6

7

8

9

10

11

12

13

14

54. Defendants Bakken and Maria worsened Harry Velez's health and negligently caused his death when defedants Bakken and Maria continued to Tase Harry Velez after being subdued and after being placed in handcuffs. Defendants Bakken and Maria unreasonably increased the risk of harm and caused Harry Velez's death not only by their relentless punching and unyielding Tasing but increased the risk of harm and caused Harry Velez's death when defendants Bakken and Maria failed to perform adequate first aid. Once Harry Velez was Tased by defendants Bakken and Maria into breathlessness, lifelessness and motionlessness, defendants Bakken and Maria had a duty to rescue Harry Velez from the peril they caused and prevent his death.

15

16

17

18

55. Once Harry Velez was placed in handcuffs and subdued, he became particularly vulnerable and dependent upon the defendants who, correspondingly, had some control over his welfare. By defendants Bakken and Maria placing Harry Velez in handcuffs, they assumed custody of him and owed him a rudimentary duty of safekeeping no matter how perilous the circumstances.

19

20

21

22

23

24

25

26

56. Defendant Bakken and Maria's conduct set forth in this complaint was willful misconduct; Bakken and Maria had actual or constructive knowledge of the peril to be apprehended, they had actual or constructive knowledge that injury and death would occur to plaintiff Harry Velez, and defendants Bakken and Maria consciously failed to act to avoid the peril and death to plaintiff. Defendants Bakken and Maria had a positive intent actually to harm plaintiff Harry Velez to such a degree that death was likely or to do an act with a positive, active and absolute disregard of its consequences of the likelihood it would cause plaintiff Harry Velez to die as set forth in this complaint

27

28

57. The incident leading to Harry Velez's injuries and death and the infliction of emotional distress on plaintiffs where an outgrowth of the employment of defendants Bakken and Maria by defendant County of Tehama (and Doe defendants); the risk of wrongful injury to plaintiff

13

was inherent in the working environment of Defendants Bakken and Maria at Tehama County Sheriff's Department, or typical of or broadly incidental to the enterprise the County of Tehama has undertaken, that of law enforcement and policing. And thus the employment of defendants Bakken and Maria by the defendant County of Tehama was such as predictably to create the risk that sheriff deputies will commit intentional torts of the type for which liability is sought here. The incident complained of herein arose from misuse of official authority by defendants Bakken and Maria while they were acting in the scope of their employment because they detained plaintiff when they were on duty, in uniform, and armed.

58. Punitive Damages are justified as against defendants Bakken and Maria on the following grounds: Defendants Bakken and Maria knew they were inflicting pain and knew that continuing to elevate that pain would cause more distress. When they continued to elevate that pain, and caused more distress to the point Harry Velez defecated himself, the deputies intentionally and maliciously caused injury and therefore acted willfully. And because the deputies acted with gross negligence and intentionally heightened the level of stress to severe emotional distress, compensatory and punitive damages are proper. Here, compensatory and punitive damages are proper because Harry Velez suffered "*at least*" ten (10) "paired thermal burns" and relentless punching to the face while in handcuffs and from this conduct subsequently died with horrific pain. This supports gross negligence. Harry Velez also suffered abrasions on the face, forearms, knee, toes and wrists and contusions on his dorsal left 2nd finger, chest and abdominal walls resulting in Hypoxic Encephalopathy (lack of oxygen to the brain, or asphyxia) with Multisystem Organ Failure. Harry Velez and his family suffered sorrow, emotional distress, mental anguish and the physical manifestation of tears and pain.

59. Defendant County of Tehama's conduct was malicious because they knew that releasing untrained and unfit law enforcement personnel into the streets would result in constitutional violations, misuse of weapons and unreasonable first aid and they knew the actual deployment of unreasonable law enforcement would result in and in fact did cause constitutional and intentional tort violations with grossly excessive force. Therefore, punitive damages are proper as against Bakken and Maria's employer defendant County of Tehama (and Doe defendants).

14

**FEDERAL CAUSES OF ACTION BY PLAINTIFF MARIA LOZADA**
**42 U.S.C. §1983**
**VIOLATION OF RIGHT TO SUBSTANTIVE DUE PROCESS UNDER THE XIV**
**AMENDMENT TO THE UNITED STATES CONSTITUTION.**
**(AGAINST ROBERT BAKKEN, DUSTIN MARIA, DOE DEFENDANTS)**

60. Plaintiff MARIA LOZADA incorporates all the preceding paragraphs as if fully set out herein; and alleges as follows: that defendants Deputy Robert Bakken and Deputy Dustin Maria, and the Doe defendants, while acting under color of law, subjected plaintiff Harry Velez, or caused Harry Velez to be subjected to the deprivation of his rights, privileges, or immunities secured by the Fourth Amendment to the United States Constitution which resulted in the death of Harry Velez, the son of MARIA LOZADA, without legal justification.

61. By doing the acts complained of in this complaint defendants deprived MARIA LOZADA of her liberty interest under the XIV Amendment to the United States Constitution in the companionship of her son Harry Velez. The death of Harry Velez was a direct result of defendants' purpose to cause harm unrelated to the legitimate object of arrest.

### PRAYER

1. For special and general damages according to proof and law.

2. For punitive damages as to defendants Bakken, Maria and County of Tehama.

3. Attorney Fees.

4. Cost of suit.

Dated: November 10, 2017                    Respectfully submitted by:

_____
J. DAVID NICK, Esq
Attorney for Plaintiffs

15