UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| HARRY VELEZ; MARIA LOZADA; ANDRE O'HARA; Z.J; R.C.; F.M; H.V.J; and L.E.,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT BAKKEN; DUSTIN MARIA; and the COUNTY OF TEHAMA,<br><br>Defendants. | No. 2:17-cv-960 WBS KJN<br><br>MEMORANDUM AND ORDER RE: PETITION FOR APPROVAL OF MINORS' COMPROMISE AND FOR ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM |

----oo0oo----

Plaintiffs brought this survival action, alleging that defendants Bakken and Maria used excessive force while arresting Velez, causing his death. The court summarized many of the relevant factual allegations in its order denying defendants' motion to dismiss. (See Mem. and Order Re: Mot. to Dismiss at 1-4 (Docket No. 21).) At a settlement conference held before Magistrate Judge Newman, plaintiffs and defendants reached an agreement as to all remaining claims. (Docket No. 37.)

1

Plaintiffs now move for the appointment of guardians ad litem for the minor plaintiffs. (Docket No. 42.) Plaintiffs also move for a determination that the proposed compromise of the disputed claims of minor plaintiffs was proper under applicable law.[1] (Id.)

I. Appointment of Guardians Ad Litem

Plaintiffs request that Timothy Zimmerman be appointed guardian ad litem for minor Z.J., Christy Ulloa be appointed guardian ad litem for minor R.C., Natasha Finck be appointed guardian ad litem for minors F.M. and H.V.J., and Kristin Stillman-Gendron be appointed guardian ad litem for minor L.E. No objections to these appointments have been raised. Furthermore, plaintiffs' motion demonstrates that:

1. Petitioners are minor children ranging from 3 to 17 years old.

2. No general guardian has been appointed for any of the minor plaintiffs and no previous petition for guardian ad litem has been filed in this matter.

3. Each guardian is a competent and reasonable person, qualified to become the guardian ad litem of said minors, and consents to act in such a capacity. Each guardian ad litem is either the biological parent or the legal guardian of their respective minor(s).

Accordingly, the court will grant plaintiffs' motion to

---

[1] Since the parties request that the court drop the motion from the calendar and "immediately rule on the application," the court decides the matter now without oral argument or further briefing. (See [Proposed] Order Granting Ex Parte Relief (Docket No. 45-1).)

appoint guardians ad litem.

II. <u>Minors' Compromise</u>

Under this court's Local Rules, the court must approve the settlement of the claims of a minor. E.D. Cal. Local R. 202(b). The party moving for approval of the settlement must provide the court "such . . . information as may be required to enable the Court to determine the fairness of the settlement or compromise." <u>Id.</u> at 202(b)(2); <u>see also</u> <u>Robidoux v. Rosengren</u>, 638 F.3d 1177, 1179 (9th Cir. 2011) (district court has a duty "to safeguard the interests of minor plaintiffs" that requires it to "determine whether the net amount distributed to each minor plaintiff in the proposed settlement is fair and reasonable").

In <u>Robidoux</u>, the Ninth Circuit specifically instructed district courts to "limit the scope of their review to the question whether the net amount distributed to [a] minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." 638 F.3d at 1181. Although the <u>Robidoux</u> court expressly limited its holding to a minor's federal claims, 638 F.3d at 1179 n.2, district courts have also applied this rule in the context of a minor's state law claims. <u>See, e.g.</u>, <u>Sykes v. Shea</u>, No. CV 2:16-2851 WBS GGH, 2018 WL 2335774, at *1 (E.D. Cal. May 23, 2018); <u>Frary v. County of Marin</u>, Civ. No. 12-3928-MEJ, 2015 WL 575818, at *2 (N.D. Cal. Feb. 10, 2015).

The settlement will result in a total payment to plaintiffs of $150,000. Minor Z.J. will receive $10,000, minor R.C. will receive $10,000, minor F.M. will receive $20,000, minor H.V.J. will receive $5,000, and minor L.E. will receive $10,000.

3

All money due to the minors would be paid to their respective guardian ad litem to be held in trust for the minor.[2] Adult plaintiffs Maria Lozada and Andre O'Hara will receive $6,390 and $20,000, respectively. Plaintiffs' attorneys will receive $8,610 in costs and $60,000 in fees.[3]

Proceeding to trial would necessitate more expense on behalf of the parties given the relative complexity of the case, further investigation and research, and the need to hire various experts. (See Decl. of J. David Nick in Supp. of Pet. for Minors' Compromise ¶ 13 (Docket No. 42-1).) The relative complexity of the case also means that there is no guarantee that plaintiffs would succeed on the merits of their claims if the action proceeds further. Separately, plaintiffs' counsel maintains that expeditious disbursement of the settlement funds is necessary to cover costs related to some of the minors' medical needs. (See Decl. of J. David Nick in Supp. of Ex Parte Relief ¶ 2 (Docket No. 45).) Finally, the parties reached their agreement during a settlement conference supervised by a magistrate judge of this court. The parties carefully considered the opinion of a neutral party in evaluating the strengths and weaknesses of their positions. Given these circumstances, the court finds that the proposed settlement is a fair and reasonable compromise of the minors' claims.

---

[2] Under California Probate Code § 3611, the court may order that the balance of money due to the minor be paid to the court appointed guardian of the minor's estate.

[3] Pursuant to an agreement between the attorneys, attorney Steve Whitworth would receive $44,610 and attorney J. David Nick would receive $24,000.

4

Ordinarily, it "has been the practice in the Eastern District of California to consider 25% of the recovery as the benchmark for attorney's fees in contingency cases involving minors." See Chance v. Prudential Ins. Co. of Am., No. 1:15-cv-1889 DAD JLT, 2016 WL 3538345, at *3 (E.D. Cal. June 29, 2016) (compiling cases). Here, plaintiffs' contingency fee with counsel states that "the attorney is to receive 40% of the net recovery and the plaintiffs 60%." (See Decl. of Steve Whitworth in Supp. of Pet. for Minors' Compromise ¶ 12 (Docket No. 42-2).) Including fees, plaintiffs' counsel would recover a total of 46% of the settlement. Even though it is higher than the benchmark, this amount is not excessive because of counsel's experience with similar cases, the amount of time counsel spent investigating the claims, and the risk counsel took in pursuing this action on a contingency basis. Additionally, the Ninth Circuit has emphasized that the fairness of each minor plaintiff's net recovery should be evaluated "without regard to the proportion of the total settlement value designated for . . . plaintiffs' counsel."[4] See Robidoux 638 F.3d at 1182. As explained above, each minor plaintiff's recovery is more than adequate.

III. Conclusion

IT IS THEREFORE ORDERED that plaintiff's Motion to

---

[4] It would be error for this court to reduce the attorney's fees simply because the court believed 46% of the total settlement was excessive. In Robidoux, the Ninth Circuit reversed Judge Karlton for rejecting a settlement on the basis that the provision of the total settlement value for attorneys' fees was excessive. Under relevant law, the fairness determination is an independent, not comparative inquiry. Therefore, courts cannot focus on the large proportion of attorneys' fees alone.

5

Appoint Timothy Zimmerman as guardian ad litem for plaintiff Z.J., Christy Ulloa as guardian ad litem for plaintiff R.C., Natasha Finck as guardian ad litem for plaintiffs F.M. and H.V.J., and Kristin Stillman-Gendron as guardian ad litem for plaintiff L.E. (Docket No. 42) be, and the same hereby is GRANTED.

IT IS FURTHER ORDERED that plaintiff's Motion to Approve Minors' Compromise (Docket No. 42) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that:

(1) The gross amount or value of the settlement or judgment in favor of plaintiff Z.J. is $10,000. Defendants shall pay this sum to Z.J.'s guardian ad litem Timothy Zimmerman to be held in trust for the minor.

(2) The gross amount or value of the settlement or judgment in favor of plaintiff R.C. is $10,000. Defendants shall pay this sum to R.C.'s guardian ad litem Christy Ulloa to be held in trust for the minor.

(3) The gross amount or value of the settlement or judgment in favor of plaintiff F.M. is $20,000. Defendants shall pay this sum to F.M.'s guardian ad litem Natasha Finck to be held in trust for the minor.

(4) The gross amount or value of the settlement or judgment in favor of plaintiff H.V.J. is $5,000. Defendants shall pay this sum to H.V.J.'s guardian ad litem Natasha Finck to be held in trust for the minor.

(5) The gross amount or value of the settlement or judgment in favor of plaintiff L.E. is $10,000. Defendants shall

pay this sum to L.E.'s guardian ad litem Kristin Stillman-Gendron to be held in trust for the minor.[5]

  (6) Defendants shall pay attorney Steve Whitworth $44,610 for attorney's fees and litigation costs.

  (7) Defendants shall pay attorney J. David Nick $24,000 for attorney's fees and under the fee-splitting agreement with attorney Steven Whitworth.

Dated:  January 29, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[5] The court does not address the appropriateness of the settlement as to the adult plaintiffs.